IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LARRY ANDERSON,** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 4:26-CV-00118-BD** |
| | § | |
| **PRO TEC INC.,** *et al.* | § | |

## MEMORANDUM ORDER AND OPINION

Larry Anderson and his surviving children sued Pro Tec Inc. and its driver, Osman Ahmed Abdulle, for the wrongful death of his wife and son resulting from a vehicle collision. Dkt. 1 at 1–2. After receiving the court's order governing proceedings, Dkt. 16, the parties conferred and filed a joint report, Dkt. 18. A case-management hearing is currently scheduled for June 8, 2026. Dkt. 16 at 1.

On May 15, 2025, the defendants' insurer, Incline Americas Insurance Company, and administrator, All American Claims Solutions, filed a statutory interpleader complaint. Dkt. 21; *see* 28 U.S.C. § 1335. Incline Americas and All American seek to join five people involved in the collision who may claim the limited insurance proceeds at issue. Dkt. 21 at 3–4. They ask the court to cite those five people to appear and to grant Incline Americas and All American leave to deposit the insurance proceeds into the court's registry. *Id.* at 5. Incline Americas and All American also ask the court to discharge them from liability, enjoin the claimants from instituting or prosecuting any cases related to the insurance fund, determine the rights of the claimants to the fund, and permit them to recover attorneys' fees and costs. *Id.* at 6. This order addresses deficiencies in that complaint.

## DISCUSSION

An interpleader action is designed to protect a stakeholder from multiple claims upon a single fund. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). "There are two types of interpleader: rule interpleader pursuant to [Federal Rule of Civil Procedure] 22 and statutory interpleader under 28 U.S.C. § 1335. They differ in jurisdictional requirements but not in

substance." *Auto Parts Mfg. Miss., Inc. v. King Const. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1703 (3d ed.)).

A district court has jurisdiction over a statutory interpleader action if:

> 1) the plaintiff files an action concerning an amount of $500 or more; 2) the plaintiff deposits the funds at issue into the registry of the court; 3) two or more adverse claimants claim or may claim to be entitled to the funds; and 4) those claimants are minimally diverse.

*Id.* at 192–93 (citing 28 U.S.C. § 1335(a)). "Minimal diversity" means "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *Tashire*, 386 U.S. at 530. By contrast, Rule 22 requires complete diversity. *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 n.46 (5th Cir. 2002) (explaining that rule interpleader is subject to the ordinary diversity-jurisdiction requirements of 28 U.S.C. § 1332).

Incline Americas and All American have not shown even the minimal diversity that would be needed to establish jurisdiction over their statutory interpleader complaint. The original plaintiffs "are citizens of the States of Texas and Missouri," Dkt. 1 at 3, but Incline Americas and All American have not pled the citizenships of any of the proposed adverse claimants, Dkt. 21 at 3. Although some of the Andersons may be diverse from one another, they are not adverse. *See Allstate Assignment Co. v. Cervera*, No. 2:13-CV-096-AM-CW, 2014 WL 12496902, at *2 (W.D. Tex. Dec. 8, 2014) (explaining that "[c]laim[ant]s are adverse to each other if each claimant asserts sole rights to the fund, and the claims expose the [interpleader] plaintiff to double payment on a single liability") (citation omitted), *report and recommendation adopted*, 2015 WL 11705061 (W.D. Tex. Mar. 23, 2015). To establish jurisdiction, Incline Americas and All American would need to amend their interpleader complaint to meet the applicable diversity requirement, which necessitates allegations of citizenship, not just residency. *See Texas v. Florida*, 306 U.S. 398, 424 (1939); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

They would also need to deposit the funds at issue into the registry of the court. *See Auto Parts Mfg. Miss.*, 782 F.3d at 192. So far, they have only asked for leave to do so. Dkt. 21 at 4–5.

**CONCLUSION**

It is **ORDERED** that:

1) the case-management conference set for June 8, 2026, is **CANCELED**; and

2) within 21 days of the docketing of this order, Incline Americas and All American file an amended interpleader complaint alleging facts necessary to establish jurisdiction. The court will consider any renewed request in the amended complaint for leave to deposit insurance proceeds into the court's registry.

So **ORDERED** and **SIGNED** this 21st day of May, 2026.

_____
Bill Davis
United States Magistrate Judge